UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------X
DOROTHY BARNEY,

      Plaintiff,               MEMORANDUM AND ORDER

  -against-                   Civil Action No.
                               99-CV-0823 (DGT)
CONSOLIDATED EDISON COMPANY OF
NEW YORK,

      Defendant.
---------------------------X

Trager, J.:

    On February 28, 2005, defendant Consolidated Edison Company ("Con Edison") filed a motion to dismiss the above action for failure to prosecute or, in the alternative, to close plaintiff's rights to take discovery, to preclude plaintiff's economic expert from testifying and to continue with the deposition of plaintiff. Docket Entry ("DE") 83. The motion was referred to United States Magistrate Judge Steven M. Gold for a Report and Recommendation. DE 87.

    On July 19, 2006, Judge Gold issued a Report and Recommendation ("Report") recommending that the motion to dismiss be granted. DE 92. In the alternative, Judge Gold recommended that plaintiff be precluded from calling her expert witness at trial and also precluded from presenting any other witness that plaintiff did not identify and produce for deposition prior to the final discovery conference held on December 20, 2002. Report

at 31-32. Judge Gold further recommended, in the event his recommendation of dismissal was not adopted, that 1) defendant be allowed to depose plaintiff regarding her Social Security file, 2) discovery be otherwise closed, 3) plaintiff's attorney, Stephen Mitchell, be directed to pay forthwith double the reimbursement amount he untimely paid to defendant and 4) defendant be awarded the attorney's fees and costs it incurred making the motion to dismiss. Report at 32.

Pursuant to Fed. R. Civ. P. 72(b) and an extension of time granted by the court, plaintiff filed objections to the Report on August 7, 2006. DE 95. Defendant responded to plaintiff's objections on August 21, 2006, to which plaintiff submitted a reply on August 30, 2006. DE 96, 97.

**Background**

The facts underlying defendant's motion to dismiss are laid out extensively in the Report and Recommendation, and only a brief summary is necessary here. See Report at 1-12.

Plaintiff Dorothy Barney filed her complaint on February 10, 1999, alleging that defendant Con Edison discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2e to 2000e-17, in violation of the Age Discrimination Act of 1967, 29 U.S.C. §§ 621 to 634, and in violation of the

2

Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117. Compl., DE 2; Report at 1. On January 4, 2000, Mr. Stephen T. Mitchell filed a notice of appearance of behalf of plaintiff, and a discovery deadline was set for November 15, 2000. Report at 2.

The discovery deadline was altered numerous times. Report at 31; see DE 29, 30-34, 36, 49. Plaintiff's counsel was "granted dozens of extensions and adjournments" and consistently failed to complete discovery in a timely manner. Report at 15-16. Despite sanctions, threats of preclusion and warnings of dismissal, plaintiff's counsel failed to produce documents, failed to appear for depositions, cancelled depositions and consistently tried to reschedule depositions at the last minute.[1] Report at 15, 19-20. Ultimately, plaintiff's counsel was warned that plaintiff's case was on the verge of dismissal for failure to prosecute. See Tr. of Apr. 11, 2003 Hearing, DE 68, at 32.

---

[1] Specifically, both preclusion sanctions and monetary sanctions were imposed on plaintiff's counsel. First, due to counsel's repeated failure to produce the expert reports, plaintiff was precluded from introducing any expert medical testimony at trial. DE 35. Second, after plaintiff's counsel was granted numerous extensions and cancelled multiple depositions, counsel was precluded from deposing a witness named Donohue. DE 45. Furthermore, monetary sanctions were also imposed on plaintiff's counsel for his failure to appear at a scheduled deposition. Tr. of Dec. 20, 2002, DE 49, at 16. This monetary sanction was later doubled due to Mr. Mitchell's failure to remit timely payment. Tr. of Mar. 14, 2003, DE 67, at 20.

On June 17, 2003, a status conference was held regarding the outstanding discovery in this case, and plaintiff's counsel was given a final opportunity to provide outstanding discovery. DE 73. Three main issues were raised at this conference that are particularly relevant to the current motion. First, plaintiff was ordered to produce the first names of the clients for whom her expert, Dr. Tinari, had testified in previous litigations. Tr. of June 17, 2003, DE 78, at 14-15. If Dr. Tinari did not have the names, plaintiff was instructed to go to the court records in order to obtain them. Id. Second, defendant was directed to send plaintiff blank authorization forms in order to acquire plaintiff's tax returns from the IRS. Id. at 16-17. Plaintiff was to sign these authorizations and send them back to defendant. Id. Third, it was directed that plaintiff could only proceed with discovery if (1) plaintiff complied with the order regarding the first names in Dr. Tinari's expert report; (2) plaintiff provided defendant with authorizations from the IRS; and (3) all outstanding documents were turned over. Id. at 23. On December 20, 2004, more than a year and a half later, a status conference was held before Magistrate Judge Gold to see what progress had occurred. DE 82.

As of the status conference on December 20, 2004, these discovery issues remained largely unsettled. Minute Entry dated

Dec. 21, 2004.  First, with regard to plaintiff's expert report, plaintiff's counsel failed to provide the first names of the clients that the expert had testified on behalf of in previous litigations despite the court order to do so.  Tr. of Dec. 20, 2004 Conference, DE 81, at 5.  Second, with regard to plaintiff's tax forms, the parties were still arguing over whether the opposing side had fulfilled its end of the bargain regarding the authorization forms.[2]  Id. at 4-5.  Given the fact that plaintiff had still not provided defendant with adequate discovery, Judge Gold allowed defendant to submit formal motion papers to dismiss the case for failure to prosecute.  Id. at 7.  The motion to dismiss was referred to Judge Gold for a Report and Recommendation on May 9, 2005.  DE 87.  Subsequently, Judge Gold recommended that the case be dismissed.  Report at 1.

**Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1), a district court reviews de novo those portions of the report and recommendation to which a party raises specific objections.  However, "where objections

---

[2] Plaintiff's counsel contended that he sent the authorizations back to defendant.  Tr. of Dec. 20, 2004 Conference, DE 81, at 8. Defendant, however, claimed these were not the specific authorization forms required by the IRS.  Carey Aff., DE 85, at 9.

are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition,' reviewing courts should review a report and recommendation for clear error." Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (quoting Vega v. Artuz, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). Plaintiff's objections here are not specific and are an attempt to rehash the same arguments she used to oppose the original motion. As such, the Report should be reviewed for clear error. However, even if the lower de novo standard were used, plaintiff's objections would fail. That said, because the principal responsibility for the manner in which this case has not proceeded is to be placed upon counsel, the alternative sanctions recommended by Judge Gold, rather than the ultimate penalty of dismissal, will be adopted.

**Discussion**

Federal Rule 41(b) states that a defendant may move to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute is a decision left to the discretion of the district court. Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993). The Second Circuit has

set forth a five-factor test for determining whether to dismiss for failure to prosecute under Rule 41(b), requiring consideration of (1) the duration of the plaintiff's failures; (2) whether the plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions. <u>Id.</u> No one factor is dispositive, and the appropriateness of dismissal must be viewed in light of the record as a whole. <u>Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 254 (2d Cir. 2004). Although the delays are of significant duration and plaintiff's counsel received notice that these delays could result in dismissal, because, as already noted, the principal responsibility for the delays are due to counsel's – as opposed to plaintiff's – conduct, lesser sanctions, such as precluding plaintiff's expert witness and closing plaintiff's discovery, will substantially relieve the defendant of prejudice and still allow plaintiff's case to proceed.

**a. The five-factor analysis**

The first factor - the duration of the plaintiff's failures - includes, first, an examination of whether the delays were caused by the plaintiff and second, whether the delays were of significant duration. Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001). The record demonstrates that while plaintiff bears some responsibility, her attorney was mainly responsible for the extensive delays. See Report at 15-16. Specifically, it was plaintiff's counsel who failed to appear for depositions, cancelled depositions, failed to comply with a court order regarding the expert report and failed to ensure timely delivery of plaintiff's tax returns. Id. at 15-16, 18. Furthermore, these delays were of significant duration as this case has been on the docket for eight years, and plaintiff's counsel has still not provided an adequate expert report despite a court order on June 17, 2003. As such, this factor weighs in favor of dismissal.

The second factor is whether the plaintiff had received notice that further delays would result in dismissal. Peart, 992 F.2d at 461. Plaintiff's counsel was warned by Judge Gold on April 25, 2002, that a failure to produce witnesses for depositions could result in a recommendation of dismissal. DE 35. The depositions did not go forward. Report at 19. One year

later, at a hearing on April 25, 2003, plaintiff's counsel was again warned that dismissal would be appropriate if he did not produce the outstanding tax returns by June 17, 2003.[3] DE 68; Report at 19. The documents were not produced and no justifiable excuse has been offered. Furthermore, defendant requested that the case be dismissed for plaintiff's failure to comply with discovery orders on two separate occasions. Report at 20. These warnings from both the court and from defendant are more than sufficient to provide notice. This factor weighs in favor of dismissal.

The third factor is whether the defendant is likely to be prejudiced by further delay. Peart, 992 F.2d at 461. Prejudice may be presumed as a matter of law after lengthy delay. Drake, 375 F.3d at 256. Prejudice is also plainly evident on the facts of this case. The events leading to this litigation occurred in 1998, and plaintiff's employment from Con Edison ended on September 10, 1998. See Compl., DE 2. Several Con Edison employees involved in this litigation have since retired and now reside out of state, and even if reachable it is quite possible

---

[3] There is no indication that Ms. Barney was present at either of these April conferences, and thus it is unclear whether she had knowledge of these warnings of dismissal. DE 35, 68. Plaintiff's counsel, on the other hand, was certainly aware of the danger of dismissal.

that their memories have faded. Def's Mem., DE 85, at 7. Moreover, defendant's case has been prejudiced by the failure to provide plaintiff's completed expert witness report and plaintiff's tax returns, which have made it impossible for defendant to depose plaintiff.

However, the prejudice to defendant may be alleviated by the imposition of lesser sanctions. If plaintiff is precluded from taking more discovery and precluded from utilizing her expert witness and report, defendant will not be further prejudiced by the delay. Furthermore, if defendant is permitted to continue its deposition of plaintiff, it is possible that plaintiff can explain the inconsistency between her claim to the Social Security Administration ("SSA") that she is too disabled to work and her position that she is entitled to lost wages for the same period. As such, this factor weighs against dismissal, as the alternative of lesser sanctions can alleviate the prejudice to defendant.

The fourth factor is whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process. Peart, 992 F.2d at 461. Although the court has granted numerous requests for extensions for this "relatively straightforward case," this factor weighs against dismissal. Report at 26.

The fifth factor is whether the court has assessed the efficacy of lesser sanctions. <u>Peart</u>, 922 F.2d at 461. Not only was plaintiff repeatedly warned of lesser sanctions, the court has in fact imposed lesser sanctions on plaintiff. <u>See</u> Report at 27. Despite these warnings and sanctions, plaintiff's counsel persisted in failing to comply with deadlines and court orders. Thus, this factor would weigh in favor of dismissal if plaintiff were allowed to continue taking discovery. However, plaintiff's counsel's ability to delay the case any further will be severely restricted if plaintiff is completely barred from pursuing further discovery.

**b. Other considerations**

In addition to the above five-factor test, a court deciding a motion to dismiss for failure to prosecute may consider both the merits of the case and the degree to which the delays are caused by the attorney rather than the client. <u>Dodson v. Runyon</u>, 86 F.3d 37, 40 (2d Cir. 1996); <u>Dosunmu v. U.S.</u>, 361 F. Supp. 2d 93, 99-100 (E.D.N.Y. 2005). "[I]t is entirely proper for the judge to consider the likely merits of the suit in deciding whether to dismiss an action for failure to prosecute." <u>Dosunmu</u>, 361 F. Supp. 2d at 99-100 (citing <u>Ball v. City of Chicago</u>, 2 F.3d 752, 759 (7th Cir. 1993)). If a plaintiff fails to provide

11

evidence supporting her claim, a court should not hesitate to dismiss the action.  Id. (dismissing an action for failure to prosecute, when the plaintiff failed to show "a single piece of evidence demonstrating their rightful interest in the property at issue").  Furthermore, the Second Circuit encourages courts to assess whether it is the client or the attorney who is the cause of the delays.  Dodson, 86 F.3d at 40.  The more the delays are caused by the attorney as opposed to a client, the more a court should attempt to impose lesser sanctions rather than dismissal.  Id.

### i. Merits of the case

The merits of plaintiff's damages claim are questionable due to the inconsistency between her position before the Social Security Administration that she is too disabled to work and her position that she is entitled to lost wages for the same period.  As a general matter, a person may not collect social security disability benefits while at the same time asserting she is fit to work full time.  However, "the Supreme Court has held that statements made for the purposes of securing disability benefits, describing why the claimant is too disabled to work, do not necessarily bar the disabled individual from claiming . . . [that] he can perform the essential functions of the job at

issue." Parker v. Columbia Pictures Indus._,_ 204 F.3d 326, 333 (2d Cir. 2000) (citing Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 803 (1999)). Nonetheless, the plaintiff must explain the inconsistency of the statements. Boxill v. Brooklyn College, 96-CV-561, 2003 WL 21554498, at *6 (E.D.N.Y. July 10, 2003). If a plaintiff provides no explanation for the inconsistency, then the claim will not move forward. See Boxill, 2003 WL 21554498, at *7 (noting that plaintiff pointed to no explanation in the record for his inconsistent statements).

Plaintiff's application for disability benefits states that she "became unable to work because of [her] disabling condition beginning September 10, 1998," the same day her employment ended at Con Edison. Carey Aff. Ex. Q, DE 85; Amended Complaint, DE 21, at 9. At the same time, however, plaintiff asserts that she could have continued to work at Con Edison, and thus that she should receive damages for lost back pay and pension benefits.[4] Plaintiff's damages claim for lost pay and pension benefits must be reconciled with her claim to the SSA that she was unable to work. Without resolving, or adequately explaining this

---

[4] Plaintiff suggests she could have held a job at Con Edison that involved less typing. Tr. Mar. 14, 2003, DE 59, at 8. Similarly, it is likely plaintiff will testify she held other temporary jobs after leaving Con Edison, as indicated by her now precluded expert report. Objections Pursuant to Rule 72, DE 95, Ex. H.

13

inconsistency, plaintiff's claim for damages has little merit. As such, this factor, at present, weighs in favor of dismissal, but the inconsistency might be resolvable. Moreover, by allowing the deposition of plaintiff to proceed, defendant will have the opportunity to obtain any information helpful for its defense.

### ii. Attorney as the cause of delay

The Second Circuit has noted that before granting the extreme remedy of dismissal, the court shall consider whether the party or counsel are at fault for the delays in prosecution. See Dodson, 86 F.3d at 40. "[T]he more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer." Id.[5] Only in cases where defendants are meaningfully prejudiced by a plaintiff's delay should this consideration override the hardship to plaintiff. Id. at 41. Here, it appears that the delays were caused principally, if not solely, by plaintiff's attorney and prejudice

---

[5] The Second Circuit notes that "numerous circuits, with the support of leading commentators, have indicated that, at least absent prejudice, dismissal for failure to prosecute is inappropriate where the fault clearly lay in the lawyers's failure to attend to his clients business." See Dodson, 86 F.3d at 40 (collecting cases).

14

to the defendant can be alleviated by the imposition of lesser sanctions.[6]

An attorney is likely the sole cause of delay when the delays are of no benefit to the client and when an attorney's track record reveals common patterns of dilatory behavior. Id. at 41; Tubner v. West, 96-CV-0004, 1996 WL 1057149, at *7 (E.D.N.Y. Dec. 17, 1996). For example, in Dodson, the court found that "the attorney caused the delay in derogation of, rather than to benefit, his client." Dodson, 86 F.3d at 41. Similarly, an attorney's track record that demonstrates consistent dilatory tactics and failures to comply with court orders may show that the nonperformance of counsel in a given matter should be attributed to counsel alone and not to the client. Tubner, 1996 WL 1057149, at *7 (holding that the attorney's pattern of conduct in other cases indicates she is the likely cause of delay). In Tubner, for example, the court's opinion highlighted eleven cases in which the plaintiff's counsel had demonstrated similar delaying behavior. Id. at *3-7.

---

[6] Although it is possible that Ms. Barney should be held responsible for providing her own tax forms, it is clear that she did not possess all the requested forms and that even the forms she did have were often incomplete. See Carey Letter dated June 17, 2003. Furthermore, the blank authorization forms were sent to plaintiff's counsel and not to Ms. Barney. Carey Aff. Ex. N, DE 85.

Analogously, it appears that Mr. Mitchell is at least the primary, if not the sole, cause of the delays in this case. Report at 15-16. It was Mr. Mitchell, not plaintiff, who failed to provide discovery, failed to appear for depositions, withdrew witnesses the day before scheduled depositions, failed to provide a timely and complete expert report and failed to turn over complete tax reports until March, 2006.[7] Id. In fact, Mr. Mitchell was even warned that plaintiff could have a cause of action against him given his consistent failures to comply with numerous deadlines and court orders. See Tr. of Apr. 11, 2003, DE 68, at 32. Furthermore, analogous to Tubner, Mr. Mitchell has been sanctioned or warned in at least five cases in this district for behavior remarkably similar to his behavior in this matter, including a failure to submit a timely expert report. Report at 28 n.10 (citing Reed v. Prospect Gardens, 97-CV-2889 (Docket Entry 6)). This track record indicates that Mr. Mitchell is the

---

[7] Defendant asserts that plaintiff herself is also to blame for the delays in this case, because despite having read the Report, plaintiff has failed to produce outstanding discovery. Carey Letter dated February 8, 2007. The merits of this assertion need not be reached, as the behavior that led to this motion to dismiss was the result of plaintiff's attorney alone. Moreover, it is plaintiff's attorney's failure to comply with court orders that forms the basis of this opinion. It was counsel's and not Ms. Barney's responsibility to ensure that her expert's report complies with Rule 26, nor would one expect Ms. Barney to know how to accomplish this.

likely cause of delay in this case.  An individual client, who likely has no idea of the caliber of the lawyer she has obtained, should not suffer the extreme, "pungent, rarely used, and conclusive" remedy of dismissal.  See Chira v Lockheed Aircraft Corp, 634 F.2d 664, 665 (2d Cir. 1980); Tr. of Apr. 11, 2003, DE 68, at 34.  Therefore, lesser sanctions are warranted in this case so long as defendant is not unduly prejudiced.

"Prejudice may be presumed as a matter of law . . . [depending] on the degree to which the delay was lengthy and inexcusable." Drake, 375 F.3d at 256.  There can be no doubt that defendant has already been prejudiced by plaintiff's lengthy and inexcusable delays.  At this point, many of the Con Edison employees who may serve as defense witnesses have retired and/or moved away.  Further, defendant is unable to properly defend against plaintiff's economic expert, both because the report never complied with Fed. R. Civ. P. 26 and because plaintiff's counsel repeatedly failed to provide all of plaintiff's tax returns. Report 21-26.  The past damage cannot be completely undone; however, by precluding plaintiff from pursuing any additional discovery at this time, by precluding plaintiff's expert witness from testifying at trial and by permitting defendant to move forward with plaintiff's deposition for the

17

sole purpose of inquiring about plaintiff's Social Security file, much prejudice can be alleviated.

**c.   Lesser Sanction Imposed**

"Dismissal [for failure to prosecute] is an extreme remedy and warranted only under the most egregious circumstances" or when the court is certain of the impotence of lesser sanctions. Report at 13 (citing <u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1027 (2d Cir. 1993)); <u>Dodson</u>, 86 F.3d at 39 (citing <u>Chira</u>, 634 F.2d at 665).  Although the behavior of plaintiff's attorney is inexcusable, the imposition of lesser sanctions is more appropriate.  By closing plaintiff's discovery and by allowing defendant to proceed with its deposition of plaintiff, plaintiff's capacity to further delay this case and any prejudice to defendant will be minimized.

**Conclusion**

Thus, the following sanctions and orders are imposed:

(1) Plaintiff is precluded from utilizing the report or testimony of her economic expert Dr. Frank D. Tinari.  The report does not meet the requirements of Rule 26, and plaintiff failed to comply with a court order to provide first names of Dr. Tinari's previous clients.

(2) Plaintiff is precluded from conducting additional discovery.

(3) Plaintiff is precluded from calling at trial any other expert witness or medical doctor, and from calling Correa, Watkins or any other fact witness not identified and produced for deposition prior to the final discovery conference on December 20, 2002.

(3) Plaintiff's counsel must pay the outstanding monetary sanction of $963.

(4) Defendant is permitted to depose plaintiff for the sole purpose of resolving the inconsistency regarding plaintiff's Social Security filing for disability and her damages claim for lost pay during the same period.  The deposition shall take place within thirty (30) days of this order.  **Any further delay of the deposition by plaintiff or her attorney will result in dismissal of the case.**

(5) Defendant is awarded the attorneys' fees and costs, chargeable to plaintiff's counsel, that it incurred making this motion.

(6) All other discovery is closed.


Dated:   Brooklyn, New York
         March 28, 2007

                                    SO ORDERED:

                                    _____/s/_____
                                    David G. Trager
                                    United States District Judge



COPIES SENT TO:

Counsel of Record (via ECF)

Dorothy Barney
168-12 127th Ave #10F
Jamaica, NY 11434
(via U.S. Mail)