UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DOROTHY BARNEY,

                       Plaintiff,

               -against-

CON EDISON,

                      Defendant.
----------------------------------------------------------x

REPORT &
<u>RECOMMENDATION</u>
99-CV-823 (DGT)

GOLD, STEVEN M., *United States Magistrate Judge*:

## INTRODUCTION

In a Memorandum and Order dated March 28, 2007, the Honorable David G. Trager, Senior United States District Judge, while denying defendant's motion to dismiss, ruled that "[d]efendant is awarded the attorneys' fees and costs, chargeable to plaintiff's counsel, that it incurred making this motion." Docket Entry 108 at 20. Plaintiff's counsel sought reconsideration of the ruling awarding fees, but his application was denied by Order dated February 22, 2008. Docket Entry 127 at 2. By letter dated October 15, 2009, plaintiff's counsel again objected to the imposition of a fee award. Docket Entry 174. Judge Trager ruled that, to the extent plaintiff's letter might be construed as yet another motion for reconsideration, it was denied, and set a schedule for plaintiff's counsel to file his opposition to the amount of fees requested and for defendant to respond. Docket Entry 178.

By Order dated November 13, 2009, Judge Trager referred the limited issue of the amount of fees to be awarded to me for a report and recommendation. Docket Entry 178. For the reasons stated below, I respectfully recommend that defendant be awarded $49,459.38 in fees.

DISCUSSION

Defendant's counsel seeks an award of fees in the amount of $58,187.50 for 166.25 hours spent working on the motion to dismiss.[1]  Declaration of Barbara Carey in Support of Defendant's Calculation of Attorneys' Fees and Costs ("Carey Decl."), Docket Entry 155.  In compliance with *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), defendant has submitted an attorney declaration and contemporaneous time records.  *See* Carey Decl. Ex. B.

Plaintiff's counsel has submitted a two-page document in opposition to defendant's fee application.  Docket Entry 186.  Rather than contesting the reasonableness of the hours expended or rates charged, however, plaintiff's counsel attempts to reargue – yet again – the merits of the award of attorney's fees as a sanction.  The opposition submitted by plaintiff's counsel reads, in essence, as follows:

> The defendants' [sic] motion for more than $50,000.00 for prosecuting a motion for discovery is outrageous.  The sole purpose of the motion is to try to cripple the law practice of an adversary that has had considerable success against the defendants [sic] and to intimidate others who practice employment law and discourage lawsuits against Con Edison.  There never was any justification for sanctions as a part of this case. . . .  Attorneys' fees should not be granted because the defendants [sic] always possessed all of the information . . . .  What the defendants [sic] are seeking is a contrived reimbursement in order to cripple the plaintiff's case.  They had the information they sought to discover all along and contrived motion practice in order to try to prevent the prosecution of this case.  Every request for reimbursement should be denied because the fact is that the defendants [sic] had the information requested.  This court should not ignore the facts or allow the defendants' [sic] disingenuous claims to support an application for attorneys' fees.  Every request for attorneys' fees should be denied.

Docket Entry 186.

---

[1] Defendant calculates the total as $50,107.50, but the court calculates the product of 166.25 and $350, the hourly rate defendant seeks, as $58,187.50.

As demonstrated above, the question of whether fees should be awarded has already been determined; the only question pending before the court is the amount of the fee award. Because plaintiff's counsel raises no arguments concerning the hourly rate or number of hours expended, I could reasonably deem defendant's application for attorney's fees to be unopposed and grant defendant the full amount it seeks. Nonetheless, I construe plaintiff's counsel's response as a general opposition to the reasonableness of the amount sought by defendant and review the fee application below.

Barbara Carey, defendant's counsel, requests that the court "adopt the lodestar method" to determine a reasonable fee award. Carey Decl. ¶ 6. While the term "lodestar" is no longer favored in the Second Circuit, courts determine a "presumptively reasonable fee" award by calculating the product of the hours reasonably expended and a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008); *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006).

A.  *Hourly Rates*

Defendant seeks reimbursement for Carey's work at the rate of $350 per hour. Carey Decl. ¶ 8. Carey, an in-house attorney at Con Edison, has been practicing law for more than thirty years, mostly in the area of employment law, and has been a managing attorney at Con Edison's law department since late 2000. *Id.* ¶¶ 4, 10-12. "Courts usually determine an appropriate fee for in-house counsel's services based on what the appropriate fee would be for work performed by independent counsel for similar services." *Video-Cinema Films, Inc. v. Cable News Network, Inc.*, 2004 WL 213032, at *6 (S.D.N.Y. Feb. 3, 2004) (internal quotation marks omitted).

In determining a reasonable hourly rate, courts consider whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is the district in which the action is commenced. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 97 (2d Cir. 2004). *See also Simmons v. New York City Transit Auth.*, 575 F.3d 170, 172 (2d Cir. 2009).

Carey's requested rate is squarely within the range of rates typically approved for attorneys with her level of experience. *See*, *e.g.*, *Whitney v. JetBlue Airways Corp.*, 2009 WL 4929274, at *7 (E.D.N.Y. Dec. 21, 2009) (finding an hourly rate of $350 reasonable for an attorney with twenty-eight years of experience and citing cases in support of hourly rates of $300 to $400 for partners following *Simmons*); *Melnick v. Press*, 2009 WL 2824586, at *9 (E.D.N.Y. Aug. 28, 2009) (citing *Simmons* and finding that the "range of appropriate billing rates is $200-$375 per hour for partners"). *See also* Carey Decl. Ex. A, Declaration of Laurie Berke-Weiss in Support of Defendant's Calculation (stating that the normal billing rate for an attorney with more than twenty years experience is at least $350). *Cf. Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 725-26 (E.D.N.Y. 2009) (finding an hourly rate of $250 – the amount plaintiff's counsel sought – to be reasonable for an attorney with approximately twelve years of experience). Accordingly, I find an hourly rate of $350 to be appropriate in determining a presumptively reasonable fee award in this case.

B.   *Time Expended*

As noted above, defendant's counsel has submitted records indicating that she expended 166.25 hours in connection with defendant's motion to dismiss. Although the total amount of time spent related to the motion is substantial, the time spent reflects the difficulties in the case

caused by the conduct of plaintiff's counsel. Thus, defendant incurred fees not only for time spent drafting the motion but also for time spent on ancillary tasks connected to the motion, such as attending a late 2004 conference in anticipation of the motion, taking discovery related to the motion while the motion was pending, and enforcing Judge Trager's Order on the motion. *See* Carey Decl. ¶ 18. In addition, and as is apparent from the detailed affidavit submitted by defendant in support of the motion, the grounds for the motion were heavily fact-laden, which undoubtedly required extensive time reviewing the relevant docket entries, transcripts and records. *See, e.g.,* Carey Affirmation, Docket Entry 85-2.

Nonetheless, a review of the time records indicates that a reduction in the time expended is warranted. First, many of the time entries are vague. Although attorneys are not required to describe how their time was spent in "great detail," they must provide sufficient information for the court to assess the reasonableness of the time expended. *Aiello v. Town of Brookhaven*, 2005 WL 1397202, at *2 (E.D.N.Y. June 13, 2005). Here, a number of vague billing entries prevent me from properly evaluating whether the time spent by counsel was reasonable and necessary. For example, approximately a dozen entries bill for "Attorney Communication" or simply "Communication." Carey Decl. ¶ 18. In addition, there are many entries that simply state "Research." *Id. See Green v. City of New York*, 2009 WL 3088419, at *7 (E.D.N.Y. Feb. 13, 2009) (Report and Recommendation, adopted in part) (finding entries stating simply "legal research" or "conference" lacking in specificity and warranting a reduction in requested fees); *Rosso v. Pi Mgmt. Assoc., L.L.C.*, 2006 WL 1227671, at *4 (S.D.N.Y. May 3, 2006) (reducing fee award for vague entries such as "Review of documents" which prevent a court from determining "whether the attorney who performed the work spent his or her time effectively").

Second, certain entries suggest that time was not spent efficiently. Defendant's counsel devoted 12.5 hours in September, 2006 writing letters to Judge Trager, but only two letters of two pages each are reflected on the docket sheet during that month. *See* Docket Entries 101, 102. Neither letter cites any case law or otherwise reflects supporting legal research. Absent additional information describing the work performed, the number of hours spent on these letters seems excessive. In addition, two entries bill for tasks that could have been performed by a paralegal – "Filing of papers" and "Case Administration/filing." Carey Decl. ¶ 18. The three hours spent on these two tasks should be billed at a paralegal rate of $100 per hour. *See*, *e.g.*, *Green*, 2009 WL 3088419, at *7 (noting that clerical tasks should be billed at a clerical rate); *Rosso*, 2006 WL 1227671, at *2 (noting that fees are properly reduced when there is "a failure to delegate work to junior, less expensive attorneys"). Finally, the .75 hours that defendant bills for travel time on December 20, 2004 should be billed at half the hourly rate. *See Green*, 2009 WL 3088419, at *7.

## CONCLUSION

I find that counsel was generally responsible in billing her time with respect to defendant's motion to dismiss. Nevertheless, for the reasons discussed above, I respectfully recommend a small across-the-board percentage reduction in the fees sought of 15%. *See Carey*, 711 F.2d at 1146 (recognizing that a judge "was acting within his discretion when he chose to make percentage reductions in response to defendants' detailed claims that the fee application contained excessive and duplicative hours"). Accordingly, I respectfully recommend that the Court order plaintiff's counsel to pay defendant the amount of $49,459.38 (166.25 x $350 x .85) for attorney's fees.

Any objections to this Report and Recommendation must be filed within fourteen days and in any event no later than February 16, 2010. Failure to file objections within the specified time waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

_____/s/_____
**Steven M. Gold**
**United States Magistrate Judge**

**January 29, 2010**
**Brooklyn, New York**

*U:\eoc 2010\barney v con ed attys fees.docx*