UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

DOROTHY BARNEY,

           Plaintiff,

      -against-

CONSOLIDATED EDISON COMPANY OF
NEW YORK,
           Defendant.

**MEMORANDUM AND ORDER
GRANTING MOTION FOR
CONTEMPT AND ADOPTING
REPORT AND RECOMMENDATION**

99-cv-823 (KAM)(SMG)

------------------------------------x

**MATSUMOTO, United States District Judge:**

      On February 10, 1999, plaintiff Dorothy Barney ("plaintiff") brought the instant employment discrimination action against her former employer, Consolidated Edison Company of New York, Inc. ("defendant" or "Con Edison"), alleging, *inter alia*, that certain employees at Con Edison retaliated against her for complaining about sex and race discrimination, in violation of federal, state and city law.  On March 28, 2007, then-presiding Judge David G. Trager[1] denied defendant's motion to dismiss for failure to prosecute and comply with court orders, but imposed, *inter alia*, certain sanctions chargeable to plaintiff's counsel, Stephen Mitchell, including a monetary

---

[1] This case was reassigned to the undersigned on October 5, 2011.  (*See* Order Reassigning Case dated 10/5/2011.)

1

sanction and attorneys' fees based on the court's determination that plaintiff's counsel was responsible for repeated failures to comply with discovery orders and deadlines.

On October 1, 2009, Judge Trager granted summary judgment in favor of defendants with respect to certain of plaintiff's federal and state law claims, and dismissed the remaining claims without prejudice, and the Second Circuit affirmed.  (*See* ECF No. 205.)  The Clerk of Court entered judgment in favor of defendants on November 12, 2009.  (*See* ECF No. 177, Clerk's Judgment.)  By Order dated November 13, 2009, Judge Trager clarified that the November 12, 2009 judgment "cover[ed] only the issues decided in the October 2009 order and that the November 12, 2009 judgment [did] not cover the outstanding sanctions award and outstanding award of attorney's fees," over which the court retained jurisdiction and which the court referred to Magistrate Judge Gold for a Report and Recommendation, which Judge Trager would address in a post-judgment order.  (ECF No. 178, Order dated 11/13/2009.)

Pending before the court is (1) defendant's motion to hold plaintiff's counsel in civil contempt for failure to pay the court-ordered monetary sanction imposed on March 28, 2007; and (2) a Report and Recommendation dated January 29, 2010, regarding the amount of attorneys' fees to which defendant is entitled pursuant to Judge Trager's March 28, 2007 and November

13, 2009 award of attorneys' fees incurred by defendant in preparing its motion to dismiss plaintiff's complaint for failure to prosecute or, in the alternative, to close plaintiff's discovery rights and preclude plaintiff's economic expert.

For the reasons set forth below, the court (1) grants defendant's motion to hold plaintiff's counsel, Mr. Mitchell, in civil contempt for failure to obey Judge Trager's orders dated March 28, 2007, and November 13, 2009; and (2) affirms and adopts the January 29, 2010 Report and Recommendation of Magistrate Judge Gold in its entirety as the opinion of the court.

**I. Motion to Hold Plaintiff's Counsel in Civil Contempt**

   **A. Background**

The instant motion to hold plaintiff's counsel in civil contempt arises from Mr. Mitchell's lengthy history of disregarding court orders in this action.

On April 10, 2002, Mr. Mitchell failed to appear at a deposition for which the deponent, a Con Edison witness, had traveled from Arizona to New York. (ECF No. 180, Affirmation of Barbara Carey in Support of Defendant's Motion That Plaintiff's Counsel Be Held In Contempt ("Carey Decl."), at ¶ 4 & Ex. A.) That day, defendant's counsel attempted to reach Mr. Mitchell by

telephone without success, and his answering machine indicated that his office would be closed on April 10 and 11, 2002. (*Id.* ¶ 4.) By letter dated April 22, 2002, Mr. Mitchell explained to plaintiff and the court that he had closed his office on April 10 and 11 because a relative had passed away, and "[t]he deposition did not take place because I was not available." (*Id.*, Ex. A.) Mr. Mitchell agreed to reimburse any reasonable expenses the deponent incurred in traveling to New York for the cancelled deposition. (*Id.*) Mr. Mitchell further represented that he would make the reimbursement within one month after defendant identified such reasonable expenses. (*Id.*)

On October 7, 2002, defendant notified Mr. Mitchell that the total amount to be reimbursed, including airfare and hotel, was $1,003.46. (*Id.* ¶ 6 & Ex. B.) Defendant explains that because "the total was slightly mis-identified in Court as $963" at some point, the amount of reimbursable expenses was set at $963. (*Id.* ¶ 6.)

Mr. Mitchell did not pay the $963 in expenses within thirty days as he had pledged in his April 22, 2002 letter to the court, and defendant advised the court during a December 20, 2002 telephone conference before Magistrate Judge Gold that Mr. Mitchell's payment was still outstanding. (*Id.* ¶¶ 7-8 & Exs. A, C.) During the telephone conference, Mr. Mitchell promised to pay the expenses by the end of December 2002, and

Magistrate Judge Gold warned that "the amount due defendant for failure to attend [the] deposition doubles on January 1st[, 2003] if not paid by then" because the deponent should not "have to wait for money that [deponent was] out of pocket because of [Mr. Mitchell's] dereliction." (*Id.* ¶ 8 & Ex. C.)

Mr. Mitchell eventually paid the $963 in reimbursable expenses, but the parties dispute whether he did so by December 31, 2002. Defendant contends that Mr. Mitchell's payment was not timely because the envelope in which Mr. Mitchell enclosed a $963 check was post-marked January 2, 2003. (*Id.* ¶ 9; ECF No. 185, Plaintiff's Counsel's Opposition to Defendant's Motion for Contempt ("Mitchell Contempt Mem.") at 1.) Mr. Mitchell, on the other hand, claims that he in fact "tendered a check in the United States mail before the January 1, 2003 deadline" and that the envelope bore a January 2, 2003 post-mark only because January 1, 2003, was a legal holiday. (Mitchell Contempt Mem. at 2.)

By letter dated February 24, 2003, defendant cited numerous examples in which plaintiff or plaintiff's counsel disregarded Magistrate Judge Gold's orders, including the fact that Mr. Mitchell had missed the December 31, 2002 deadline for payment of the $963 in reimbursable expenses. (Carey Decl. ¶ 10 & Ex. D.) Mr. Mitchell did not respond to the allegations in defendant's February 24, 2003 letter until defendant again

5

raised the issue of Mr. Mitchell's allegedly overdue payment during a settlement conference before Magistrate Judge Gold on March 14, 2003.  (*Id.* ¶ 10 & Ex. E.)  At that time, Mr. Mitchell argued for the first time that he in fact sent the check before December 31, 2002.  (*Id.*)  Upon rejecting Mr. Mitchell's belated response as untimely, Magistrate Judge Gold accepted as true defendant's allegations that Mr. Mitchell failed to reimburse defendant by December 31, 2002, and entered judgment against Mr. Mitchell for an additional $963 (the "Sanction") pursuant to his December 20, 2002 order.  (*Id.* ¶¶ 10-11 & Ex. E.)  Payment of the Sanction was due two days after Judge Trager decided any objections to Magistrate Judge Gold's March 14, 2003 ruling. (*Id.* ¶ 11 & Ex. E.)  The docket indicates that Mr. Mitchell did not object to or otherwise seek review of Judge Gold's March 14, 2003 ruling.

At an April 11, 2003 oral argument, Judge Trager warned that if plaintiff failed to produce certain discovery by June 17, 2003, he would adhere to Magistrate Judge Gold's March 14, 2003 ruling and order Mr. Mitchell to pay the Sanction. (*Id.* ¶ 12 & Ex. F.)  Plaintiff failed to produce the required documents by June 17, 2003.  (*Id.* ¶ 13.)

Almost two years later, citing plaintiff's "history of procedural defaults in this case," defendant moved to dismiss the action for failure to prosecute and for failure to comply

with court orders, including Magistrate Judge Gold's March 14, 2003 order to pay the Sanction.[2] (*See generally* ECF No. 85, Motion to Dismiss.) In a July 19, 2006 Report and Recommendation regarding the motion to dismiss, Magistrate Judge Gold recommended, *inter alia*, that "Mr. Mitchell be directed to pay forthwith double the reimbursement amount he untimely paid to defendant." (ECF No. 92, Report & Recommendation ("Sanctions R&R"), at 32.)

By Memorandum and Order dated March 28, 2007, Judge Trager observed that, as set forth in Magistrate Judge Gold's July 19, 2006 Report and Recommendation:

> The discovery deadline was altered numerous times. Plaintiff's counsel was "granted dozens of extensions and adjournments" and consistently failed to complete discovery in a timely manner. Despite sanctions, threats of preclusion and warnings of dismissal, plaintiff's counsel failed to produce documents, failed to appear for depositions, cancelled depositions, and consistently tried to reschedule depositions at the last minute.

(ECF No. 108, Memorandum and Order ("Sanctions Order"), at 3.) Judge Trager ultimately denied defendant's motion to dismiss for failure to prosecute because the "record indicate[d] that Mr. Mitchell [was] the likely cause of delay in this case" and Judge Trager determined that Mr. Mitchell's client should not

---

[2] Defendant also moved in the alternative to close plaintiff's discovery rights and preclude plaintiff's economic expert.

suffer the extreme remedy of dismissal due to her counsel's misdeeds. (*Id*. at 16-17.) Consequently, Judge Trager imposed lesser sanctions, including preclusion of certain witnesses, testimony, and evidence; the award of attorneys' fees, chargeable to Mr. Mitchell, as discussed *infra* in Section II; and an order that "[p]laintiff's counsel must pay the outstanding monetary sanction of $963." (*Id*. at 19.)

By Order dated November 13, 2009, Judge Trager noted that Mr. Mitchell still had not paid the Sanction. (ECF No. 178, Order dated 11/13/2009.) Accordingly, Judge Trager ordered Mr. Mitchell to pay the Sanction within fourteen days, by November 27, 2009. (*Id*.) Judge Trager added that if Mr. Mitchell failed to pay the Sanction, the court would grant defendant leave to move to have Mr. Mitchell held in contempt. (ECF No. 178, Order dated 11/13/2009.)

Mr. Mitchell did not pay the Sanction in accordance with Judge Trager's November 13, 2009 order, and on December 9, 2009, defendant moved this court to hold Mr. Mitchell in contempt. (ECF No. 179, Motion for Contempt.) Defendant contends that contempt is "warranted not only because of Plaintiff's counsel's failure to pay this monetary sanction but also in light of his and Plaintiff's totally inexcusable history of flouting the Court's orders in this case." (ECF No. 181, Memorandum of Law In Support of Defendant's Motion that

Plaintiff's Counsel Be Held in Contempt ("Def.'s Contempt Mem."), at 1.)

In opposition, Mr. Mitchell does not deny that he has failed to pay the Sanction despite court orders to do so; rather, he argues that the court lacked grounds to issue the Sanction in the first instance. (*See generally* Mitchell Contempt Mem.) First, Mr. Mitchell argues that he should not be held in civil contempt because there was "fair ground of doubt as to the wrongfulness of [his] conduct" when he failed to pay the initial $963 in expenses until January 2003, particularly because the delay was due to the unexpected and calamitous effect of the September 11, 2011 disaster on his law practice. (*Id.* at 2.)

Second, Mr. Mitchell claims that he tendered the $963 check before the January 1, 2003 deadline, and that under "[e]very federal rule of procedure," his service would have been "considered effective as of the date of mailing." (*Id.*) He further asserts that the fact that the envelope was post-marked January 2, 2003--one day after a legal holiday--establishes that "the tender was made in compliance with the court's order." (*Id.*) In addition, Mr. Mitchell contends that it would be an abuse of discretion to hold him in contempt for the "alleged tardy delivery . . . because there is no proof of a lack of diligence or a failure to attempt to diligently comply,"

particularly because "the check was received by January 8, 2003 [and] no reasonable person could dispute that the delivery date was [not] an indication of a lack of diligence." (*Id.*)

**B. Legal Standard**

Pursuant to 18 U.S.C. § 401, this court has inherent "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). "A civil contempt order is designed to be coercive rather than punitive," *Dell Inc. v. Compudirect, Inc.*, 316 F. App'x 32, 34 (2d Cir. 2009) (quoting *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995)), and a civil contempt sanction may have either or both of two purposes: (1) to "coerce the contemnor into future compliance with the court's order" or (2) to "compensate the complainant for losses resulting from the contemnor's past noncompliance." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1062 (2d Cir. 1995).

"[T]he judicial power of contempt is circumscribed and '[t]he failure to meet the strict requirements of an order does not necessarily subject a party to a holding of contempt.'" *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 291 (2d Cir. 2008) (quoting *Dunn v. N.Y. State Dep't of Labor*, 47 F.3d 485, 490 (2d Cir. 1995)). Rather, "[a] court may hold a party in contempt

only if: '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *SEC v. Blech*, No. 09-5139-cv, 2012 WL 400688, at *1 (2d Cir. Feb. 9, 2012) (quoting *King*, 65 F.3d at 1058). "The district court has broad discretion in fashioning coercive remedies." *King*, 65 F.3d at 1062.

### C. Application

All three requirements for a finding of civil contempt are satisfied here. First, the court finds that Judge Trager's orders that Mr. Mitchell pay the Sanction were clear and unambiguous. "A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed." *King*, 65 F.3d at 1058 (internal quotation marks omitted). In a Memorandum and Order dated March 28, 2007, Judge Trager ordered that "[p]laintiff's counsel must pay the outstanding monetary sanction of $963." (Sanctions Order at 19.) In addition, Judge Trager's November 13, 2009 order stated, "Plaintiff's counsel shall pay the $963 sanction within fourteen (14) days from the date of this order." (Order dated 11/13/2009, at 4.) The court finds that these orders were clear and unambiguous.

Second, the court finds clear and convincing proof of Mr. Mitchell's noncompliance with Judge Trager's orders dated March 28, 2007, and November 13, 2009. In a sworn affidavit dated December 9, 2009, counsel for defendant attests that Mr. Mitchell has not paid the Sanction. (Carey Decl. ¶ 19.) Furthermore, Mr. Mitchell has not contested this assertion despite a full and fair opportunity to be heard and to submit a memorandum in opposition. Therefore, the court finds that Mr. Mitchell's noncompliance is undisputed.

Third, the court finds that Mr. Mitchell has not diligently attempted to comply with Judge Trager's orders in a reasonable manner. In his opposition brief, Mr. Mitchell fails to mention any attempt to pay the Sanction, and the court finds no other evidence in the record to indicate that Mr. Mitchell made any efforts to pay the Sanction.

Accordingly, the court holds Mr. Mitchell in civil contempt of Judge Trager's orders dated March 28, 2007, and November 13, 2009. The court has reviewed Mr. Mitchell's arguments in opposition and concludes that each argument addresses the merits of Magistrate Judge Gold's March 14, 2003 order and July 19, 2006 recommendation that he pay the Sanction, rather than the merits of defendant's contempt motion. The court finds no grounds to overturn Judge Trager's orders to pay the Sanction, and grants defendant's motion to hold plaintiff's

counsel, Mr. Mitchell, in civil contempt for failure to comply with Judge Trager's orders dated March 28, 2007, and November 13, 2009.

## II. Award of Attorneys' Fees

### A. Background

As discussed *supra* in Section I.A, on March 28, 2007, in lieu of dismissing plaintiff's case for failure to prosecute, Judge Trager imposed a number of lesser sanctions, including the award of attorney's fees, chargeable to Mr. Mitchell, that defendant incurred in making its motion to dismiss (the "Fee Award"). (Sanctions Order at 20.) Judge Trager subsequently denied plaintiff's and Mr. Mitchell's multiple motions for reconsideration of the Fee Award. (*See* ECF Nos. 123 & 174, Letters by Plaintiff's Counsel; ECF Nos. 127 & 178, Orders Denying Reconsideration.)

By Order dated November 13, 2009, Judge Trager referred to Magistrate Judge Steven M. Gold the issue of the appropriate amount of the Fee Award. (*See* ECF No. 178, Order dated 11/13/2009.) In his January 29, 2010 Report and Recommendation ("Fees Report and Recommendation"), which is now before the court, Magistrate Judge Gold recommends a Fee Award in the amount of $49,459.38, which accounts for a fifteen-percent, across-the-board reduction in the fees defendant seeks, to account for certain time entries that were vague or reflected

inefficiency.  (ECF No. 192, Report and Recommendation ("Fees R&R") at 5-6.)

On March 4, 2010, after the court granted two extensions of time to file objections, Mr. Mitchell filed his objections to Magistrate Judge Gold's Fees Report and Recommendation.  (*See* ECF No. 198, Objections by Stephen Mitchell ("Mitchell Obj.").)  Defendant did not file any objections to the Fees Report and Recommendation, but timely submitted a reply to Mr. Mitchell's objections on March 18, 2010. (*See* ECF No. 199, Defendant's Reply ("Def.'s Reply").)

**B. Discussion**

To the extent that a party makes specific and timely objections to a magistrate judge's findings or recommendations, the court must apply a *de novo* standard of review.  28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (citation and internal quotation marks omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (internal quotation marks omitted) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an

attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted). Upon review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The court has reviewed Mr. Mitchell's objections and finds that they merely rehash and reiterate arguments he made in his previously denied motions for reconsideration that he filed on January 22, 2008 (*see* ECF No. 123) and October 15, 2009 (*see* ECF No. 174), and in his opposition to defendant's motion for attorneys' fees on January 8, 2010 (*see* ECF No. 186). Mr. Mitchell continues to argue, in essence, that the Fee Award should be denied *in toto* because defendant was "already . . . in possession of the information and materials [it] claimed to seek during discovery," and the sanction is therefore inappropriate.[3] (Mitchell Obj. at 2.) As Magistrate Judge Gold pointed out in the Fees Report and Recommendation, however, "the question of *whether* fees should be awarded has already been determined; the only question pending before the court is the *amount* of the fee award." (Fees R&R at 2-3.)

---

[3] Mr. Mitchell's objections also include lengthy arguments against other sanctions Judge Trager imposed, such as witness preclusion. (*Id*. at 9-11.)

15

The Fees Report and Recommendation is limited in scope and sets forth in detail the legal and factual bases for (a) adopting a "presumptively reasonable" hourly fee of $350 per hour; (b) accepting the number of hours defendant's counsel expended in preparing the motion to dismiss; and (c) applying an across-the-board percentage reduction to account for inefficiency and vague time entries.  Mr. Mitchell's objections do not address any of these findings, and merely comprise an attempt to re-present and reargue positions that the court has already considered and rejected.  Consequently, his objections do not trigger *de novo* review of the Report and Recommendation.

Upon a thorough review of the Fees Report and Recommendation, and considering that the parties did not submit any objections to trigger *de novo* review of Magistrate Judge Gold's thorough and well-reasoned recommendations, the court finds no clear error in Magistrate Judge Gold's Fees Report and Recommendation and hereby affirms and adopts the Fees Report and Recommendation as the opinion of the court.

## **CONCLUSION**

For the reasons set forth above in Section I, the court grants defendant's motion to hold plaintiff's counsel, Mr. Mitchell, in civil contempt for failure to comply with Judge Trager's orders dated March 28, 2007, and November 13, 2009.  In addition, for the reasons set forth above in Section II, the

court finds no clear error in Magistrate Judge Gold's Fees Report and Recommendation and hereby affirms and adopts the Fees Report and Recommendation as the opinion of the court.

The court orders defendant to serve a copy of this Memorandum and Order upon Mr. Mitchell by personal service, or certified mail or private delivery with return receipt requested. Mr. Mitchell shall pay the defendant the Sanction amount of $963.00 within three business days after receipt of this Memorandum and Order.

If Mr. Mitchell fails to pay the defendant the full Sanction amount within three business days of receipt of this Memorandum and Order, a daily civil contempt fine in the amount of $100, payable to defendant, will begin to accrue on the fourth business day after Mr. Mitchell's receipt of this Memorandum and Order. The daily fine shall continue to accrue for up to ten business days, or until Mr. Mitchell pays the Sanction amount plus any accrued civil contempt fine amounts in full, whichever is earlier.

By April 9, 2012, counsel for defendant shall submit to the court a sworn affidavit and supporting documents setting forth the following information: (1) the date on which defendant served a copy of this Memorandum of Order on Mr. Mitchell, with proof of his receipt; (2) if applicable, the date on which defendant received Mr. Mitchell's full payment of the

Sanction amount plus any accrued civil contempt fine amounts; and (3) the amount of additional unpaid civil contempt fines due, if any. Based on this affidavit, the court will direct the Clerk of the Court to enter a final judgment against Mr. Mitchell that includes: (1) the outstanding Sanction amount, if any; (2) the amount of additional civil contempt fines due, if any; and (3) attorneys' fees in the amount of $49,459.38, with post-judgment interest to accrue upon entry of judgment at the rate prescribed by law pursuant to 28 U.S.C. § 1961.

SO ORDERED.

Dated:   Brooklyn, New York
         March 16, 2012

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York